## STATE EX REL. JOHNSON v. WRIGHT

[H. C. No. 28, October Term, 1948.]

*Decided March 31, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

PER CURIAM.

Petitioner was tried before Judge Moser in the Criminal Court of Baltimore on August 25, 1947, on an indictment containing three counts, the first charging larceny of an automobile, the second charging receiving stolen

goods, and the third charging unauthorized use of an automobile. He was convicted on the third count. The maximum imprisonment prescribed by the statute for this crime is four years. Code 1939, art. 27, sec. 397. However, on August 25, 1947, he was sentenced to serve in the Maryland House of Correction for the term of six years.

On November 24, 1947, Judge France, on a habeas corpus petition, remanded the case to Judge Moser, who struck out the sentence imposed on August 25, inasmuch as it was beyond the maximum limit presecribed by the statute, and resentenced petitioner to serve in the Maryland House of Correction for the term of four years from August 25. Petitioner subsequently applied for a writ of habeas corpus to Judge Bailey, who on January 12, 1949, ordered that the petition be denied. We now have petitioner's application for leave to appeal from that refusal. He contends that the actions of Judge Moser and Judge France were illegal, and therefore he should now be discharged from custody.

It is well settled that in the case of a sentence which is merely excessive, if the court which imposed it had jurisdiction of the person and subject matter, such sentence is not void *ab initio* because of the excess, but is good in so far as the power of the court extended and is invalid only as to the excess. Hence, a person in custody under such sentence cannot be discharged on habeas corpus until he has performed as much of it as was within the power of the court to impose. *Sennott's Case,* 146 Mass. 489, 16 N. E. 448, 4 Am. St. Rep. 344; *United States v. Pridgeon,* 153 U. S. 48, 14 S. Ct. 746, 751, 38 L. Ed. 631.

In this case there is no question that the Criminal Court of Baltimore had jurisdiction of the person and the subject matter. Petitioner's contention that the original sentence was excessive is not sufficient to entitle him to discharge from custody.

*Application denied, without costs.*