## HUNTER v. WARDEN OF MARYLAND PENITENTIARY

[H. C. 38, October Term, 1950.]

*Decided May 16, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

MARBURY, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from the refusal of a writ of *habeas corpus* by Judge Manley of the Supreme Bench of Baltimore City.

The petitioner was tried and convicted in the Criminal Court of Baltimore for assault with intent to murder, and also for burglary. On the first charge, he was sentenced to a term of eighteen years, and, under the latter, to a term of five years, to run concurrently. Nearly four years later, the judge who sentenced him discovered that the maximum penalty for assault with intent to murder was only ten years (Code, 1947 Supp., Art. 27, Sec. 13), and, therefore, he reduced the sentence to ten years. The original sentence was imposed on July 9, 1946, and the re-sentencing was on May 25, 1950.

While we have said that a court cannot change a sentence after the expiration of the term in which it was imposed *Czaplinski v. Warden,* 196 Md. 654, 75 A. 2d 766, there has been generally held to be an exception to this where the sentence was originally void because beyond the power of the court. The reason is that the jurisdiction of the court is not lost until the case is finally disposed of by the imposition of a lawful sentence. See *DeBenque v. U. S.,* 66 App. D. C. 36, 85 F. 2d 202, 106 A. L. R. 839. Applicant is being held under the latter sentence of ten years. Even if he were being held under the original sentence, it would be good so far as the power of the court extended, and would be invalid only as to the excess. State, ex rel. *Johnson v. Wright,* 192 Md. 734, 65 A. 2d 178. *Von Den Bosch v. Swenson,* 194 Md. 715, 70 A. 2d 599. The ten-year sentence which the court was authorized to impose upon the application has not yet expired. Until he is detained after the expiration of that period, he is not entitled to a writ of *habeas corpus* to determine the validity of the eighteen-year sentence.

*Application denied with costs.*