## BUSCEMI *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 64, September Term, 1957.]

*Decided January 21, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

Salvatore Buscemi seeks leave to appeal from the denial of his petition for a writ of *habeas corpus* by Chief Judge George Henderson, of the Circuit Court for Allegany County.

Buscemi was convicted in 1949 in the United States District Court for the District of Maryland of a narcotics offense. In November, 1954, he was indicted in the Criminal Court of Baltimore on charges of obtaining narcotics by fraud. One count alleged his prior conviction in the District Court, and it thus appears from the rather scanty record in this case that he was charged as a second offender under the Uniform Narcotic Drug Act. The particular part of that Act here involved is Code (1951), Article 27, Section 369, which, as amended by Chapter 466 of the Acts of 1951, imposes increased penalties upon second and third offenders. Buscemi pleaded guilty to all counts of the indictment. He was sentenced to seven years' imprisonment, but the sentence was suspended and he was placed on seven years' probation. The period of probation was, however, reduced to five years, apparently because of a denial of, or question as to, the validity of a longer period. While on probation Buscemi was tried and convicted in Harford County on a charge of forgery and was sentenced on March 9, 1955, to six months' imprisonment. He was thereafter charged in the Criminal Court of Baltimore with violation of his probation and pleaded guilty. His sentence of seven years in the House of Correction was reimposed on April 4, 1955, and was ordered to run concurrently with the sentence he was then serving for forgery.

Buscemi makes three claims in support of his application for a writ: first, that to apply to him the second offense

penalty imposed under the 1951 amendment of Section 369 of Article 27, *supra*, because of his 1949 prior conviction would involve a violation of the constitutional prohibition against *ex post facto* laws; second, that he was convicted only of a first offense and hence that a penalty in excess of five years is unlawful; and third, that he could not have been convicted as a second offender because no documentary evidence of his prior conviction was produced.

It will be noted that every one of these contentions goes to the length of the sentence under which the applicant is confined. A sentence of five years' imprisonment could have been imposed for a first offense. If we assume that any or all of the applicant's contentions are available on *habeas corpus* proceedings, which we do not decide, it seems clear that his application is premature since he has not completed serving the sentences under which he is confined to the extent to which they seem clearly valid. *Hunter v. Warden,* 198 Md. 655, 80 A. 2d 611; *Roberts v. Warden,* 206 Md. 246, 111 A. 2d 597; *Hart v. Warden,* 213 Md. 658, 132 A. 2d 592. A motion to strike out a sentence alleged to be illegal based upon such grounds as are asserted in the applicant's second contention might be filed in the trial court which imposed the sentence. See *Roberts v. Warden, supra,* and Maryland Rule 744.

*Application denied, with costs.*