## FINCHER ALIAS BROWN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 101, September Term, 1957.]

*Decided April 1, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge George Henderson of the Circuit Court for Allegany County. The applicant, James W. Brown, alias Robert H. Fincher, was convicted on February 7, 1955, of the crime of larceny and sentenced to a term of two years in the Maryland House of Correction, the sentence to start from the time of his apprehension, January 16, 1955. On February 10, 1955, he was convicted of another offense (violation of probation by deserting and failing to support his wife), and was sentenced to eighteen months in the Maryland House of Correction, the sentence to run consecutively with the one received by him three days before. On August 1, 1955, the applicant escaped from the House of Correction, and was not apprehended until June 18, 1956, when he was arrested upon suspicion of larceny. On July 6, 1956, he was tried for and convicted of larceny, and sentenced to "One (1) year in the Md. House of Correction. Consecutive with sentence now serving in Md. House of Correction". Each of the three convictions mentioned above occurred in the Criminal Court of Baltimore.

Petitioner contends that the sentence of eighteen months imposed on February 10, 1955, was to run concurrently with the two-year sentence received by him three days earlier. This contention is at odds with the facts and therefore is not entitled to favorable consideration. He also states: "To the Petitioner's knowledge the (1) year sentence received July 6-1956 began as of that day and date an[d] is to run concurrently with the other sentence". Although it is not clear from the docket entry (quoted above) whether the third sentence was to run consecutively after the first sentence and concurrently with the second, or whether it was to run consecutively after the expiration of both the first and second sentences, it is quite clear that it was not to begin running on July 6, 1956, since not even the first sentence had expired on that date. It is also clear that regardless of the time when the third sentence begins or ends, the petitioner has not yet completed serving time for the second sentence (eighteen months) and therefore has no standing presently to sue for

*habeas corpus.* This remedy is not available until the entire legal portion of an applicant's confinement has been served. *Hunter v. Warden,* 198 Md. 655, 80 A. 2d 611; *Roberts v. Warden,* 206 Md. 246, 254, 111 A. 2d 597. The detention of the petitioner has not of this date been illegal. If it should become so at some time in the future (regarding which we here express no opinion), that will be the proper time for the petitioner to seek relief.

*Application denied, with costs.*