## McGLOIN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 72, September Term, 1957.]

 

*Decided January 22, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus.* Petitioner was convicted on July 6, 1956, by Judge Tucker, in the Criminal Court of Baltimore, of attempted burglary and larceny, and sentenced to a four-year term on the first charge and eighteen months on the second, to run concurrently. He sought a writ of *habeas corpus* from Judge Michaelson, in the Circuit Court for Anne Arundel County, on September 23, 1957, contending that the sentence for attempted burglary was illegal, in that it charged a "nonexistent" crime. Judge Michaelson held that the sentence was legal, since an attempt was indictable at common law, citing 1 *Wharton, Criminal Law* (12th Ed.), § 212. Cf. *Whitley v. Warden,* 209 Md. 629 (*cert.* denied and appeal dism., 351 U. S. 929). Whether the question is open on *habeas corpus* may be doubted, since in essence the attack is upon the validity of the indictment and not upon the juris-

diction of the court. Cf. *Superintendent v. Calman,* 203 Md. 414, 420, *et seq.*

While urging that the decision was correct, the Attorney General contends that the case is moot because the petitioner was released on parole on November 18, 1957. In *Jett v. Superintendent,* 209 Md. 633, 636, we pointed out that it is generally held that a parolee is not entitled to the writ, citing the annotation in 148 A. L. R. 1243, although the case was disposed of on another ground. See also *Hendershott v. Young,* 209 Md. 257, 261, where we cited many cases holding that a person on bail is not entitled to the writ. With the exception of Florida, the state courts seem to have uniformly held that a parolee is not entitled to the writ. See *Ex parte Herrera,* 137 P. 2d 82 (Cal. App.); and *Commonwealth v. Burke,* 90 A. 2d 849 (Pa. Super.). This has also been the rule in the federal courts. See *Van Meter v. Sanford,* 99 F. 2d 511 (C.C.A. 5th); *United States v. Cummings,* 233 F. 2d 187 (C.A. 2d); *Wales v. Whitney,* 114 U. S. 564, 569; *Weber v. Squier,* 315 U. S. 810. A more recent Supreme Court decision casts some doubt upon the proposition, for in *United States v. Morgan,* 346 U. S. 502, the court intimated that the federal statute should receive a broader interpretation to embrace applications in the nature of the writ of *coram nobis.* Cf. *Shelton v. United States,* 242 F. 2d 101 (C.A. 5th). But whatever the scope of the federal statute may be, we think the writ of *habeas corpus* is not available in Maryland under the circumstances of the instant case, and that the case is moot. As we pointed out in *Roberts v. Warden,* 206 Md. 246, 255, there are other means available to raise questions as to the legality of a sentence.

*Application denied, with costs.*