## VON DEN BOSCH *v.* SWENSON, WARDEN
[H. C. No. 19, October Term, 1949.]

716

*Decided January 11, 1950.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

Harry Von den Bosch has applied here for leave to appeal from refusal of a writ of habeas corpus.

Petitioner alleged: (1) that he was indicted in 1944 on the charge of larceny of an automobile in violation of Article 27, Section 396, Code 1939, which prescribes a maximum sentence of 14 years for stealing any horse, mare, gelding, colt, ass or mule, or motor vehicle; but (2) that, after he pleaded guilty in the Criminal Court of Baltimore, the Court sentenced him to the Maryland Penitentiary for the term of 15 years, the maximum term of imprisonment provided by Article 27, Section 387, Code 1939, the general larceny statute. Petitioner argues that the sentence of 15 years imposed upon him is "cruel and unusual punishment" in violation of Article 25 of the Maryland Declaration of Rights.

It has been said by this Court that if it should ever happen that the punishment imposed by the trial court is grossly and inordinately disproportionate to the crime, so that the sentence was manifestly dictated by prejudice or passion and not by a sense of public duty, the judgment should be reversed, and the case remanded for a more just sentence. *Mitchell v. State,* 82 Md. 527, 534, 34 A. 246. But usually any punishment authorized by a statute and imposed by a court within the statutory limits is not cruel and unusual punishment and is not subject to re-

view by the Court of Appeals even on appeal from the judgment. *Apple v. State,* 190 Md. 661, 59 A. 2d 509.

This Court has held that a sentence which is merely excessive is not void *ab initio* because of the excess, if the court which imposed it had jurisdiction of the person and subject matter, but such sentence is good in so far as the power of the court extended and is invalid only as to the excess. Therefore, a person in custody under such a sentence cannot be discharged on habeas corpus until he has performed as much of it as was within the power of the court to impose. *State ex rel. Johnson v. Wright,* 192 Md. 734, 65 A. 2d 178.

In this case there is no question that the Criminal Court had jurisdiction of the person and the subject matter. Petitioner's contention, even if true, is not sufficient to entitle him at this time to discharge from custody.

*Application denied, without costs.*