*Marquis Ellos Lang Foster v. State of Maryland*, No. 462, Sept. Term 2019.  Opinion by Arthur, J.

**CRIMINAL PROCEDURE – VOIR DIRE – PRESERVATION**

A criminal defendant's objection to a trial court's refusal to ask a requested voir dire question is sufficient to preserve the issue for appellate review even when the defendant subsequently accepts the empaneled jury without qualification upon the conclusion of jury selection.

In this case, the defendant objected to the court's refusal to ask whether any venireperson could not follow an instruction not to consider a defendant's exercise of the Fifth Amendment right not to testify as evidence of guilt, as required by *Kazadi v. State*, 467 Md. 1 (2020).  Nothing more was required to preserve the issue for review.  The defendant did not waive that objection through his unqualified acceptance of the empaneled jury.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 462

September Term, 2019

_____


MARQUIS ELLOSS LANG FOSTER

v.

STATE OF MARYLAND


_____

Arthur,
Leahy,
Salmon, James P.
   (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Arthur, J.
_____

Filed: September 30, 2020

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

In May 2019, a jury sitting in the Circuit Court for Anne Arundel County convicted appellant Marquis Ellos Lang Foster of driving without a license. Upon receiving a sentence of 90 days' incarceration, Foster noted this appeal.

During the pendency of this appeal, the Court of Appeals decided *Kazadi v. State*, 467 Md. 1 (2020), which held that it was reversible error for a trial court to refuse to ask a requested voir dire question concerning whether any prospective juror would be unable to follow an instruction not to consider a defendant's exercise of the Fifth Amendment right not to testify as evidence of guilt. Because the circuit court denied Foster's request for such a voir dire question below, he contends that his conviction must be reversed.

The State counters that Foster failed to preserve the issue for review because, upon the conclusion of jury selection, he accepted the empaneled jury without qualification. We disagree and therefore reverse and remand for further proceedings.

## BACKGROUND

Foster was charged, in the District Court of Maryland for Anne Arundel County, with driving under the influence of alcohol ("DUI"), driving while impaired by alcohol ("DWI"), driving without a license, and other traffic offenses. After Foster demanded a jury trial, the matter was transferred to the Circuit Court for Anne Arundel County.

In the circuit court, Foster requested 22 voir dire questions, including these:

> 16. The Defendant in every criminal case is presumed innocent. Unless you are satisfied beyond a reasonable doubt of the accused's guilt solely from the evidence presented in this case, the presumption of innocence alone requires you to find the accused not guilty. Based solely on Mr. Foster being the Defendant in this criminal case, does any member of the jury panel feel that he is probably guilty?

17. In every criminal case, the burden of proving the guilt of a Defendant rests solely and entirely on the State. A Defendant has no burden and does not have to prove his innocence. Does any member of the jury panel believe that in order to return a verdict of not guilty, a defendant must prove his innocence?

18. Every person accused of a crime has an absolute constitutional right to remain silent and not testify. If a defendant chooses not to testify the jury may not consider his/her silence in any way in determining whether he/she is guilty or not guilty. Knowing this, do you believe that a defendant who chose not to testify had something to hide? Would you need to hear a defendant testify before returning a verdict of not guilty?

The circuit court declined to ask defense question 18, and defense counsel objected, noting that a case addressing that very issue was pending before the Court of Appeals.[1] Upon the conclusion of jury selection, the circuit court asked whether the empaneled jury was acceptable. Both parties indicated their unqualified acceptance of the jury.

Only the DUI, DWI, and driving without a license charges were submitted to the jury. The jury acquitted Foster of DUI and DWI, but found him guilty of driving without a license. The circuit court imposed a 90-day sentence, and Foster noted this timely appeal.

---

[1] The court did, however, ask Foster's questions 16 and 17, which are now mandatory upon a defense request. *Kazadi v. State*, 467 Md. at 35-36.

2

**DISCUSSION**

In *Kazadi v. State*, 467 Md. at 35-36, the Court of Appeals held that, "on request, during *voir dire*, a trial court must ask whether any prospective jurors are unwilling or unable to comply with the jury instructions on the long-standing fundamental principles of the presumption of innocence, the State's burden of proof, and the defendant's right not to testify." On a motion for reconsideration, the Court stated that its holding applies to the *Kazadi* case itself and to "any other cases that are pending on direct appeal" when the *Kazadi* opinion was filed, "where the relevant question has been preserved for appellate review." *Id.* at 54. *Kazadi*, however, shed no light on what is required to preserve such a claim for appellate review.

To preserve any claim involving a trial court's decision about whether to propound a voir dire question, a defendant must object to the court's ruling. In addition, if the claim involves the court's decision to ask a voir dire question over a defense objection, the defendant must renew the objection upon the completion of jury selection.

In *Marquardt v. State*, 164 Md. App. 95 (2005), *overruled in part on other grounds by Kazadi v. State*, 467 Md. at 27, 35-36, this Court considered whether the defendant had preserved a claim that the trial court had abused its discretion in refusing to propound voir dire questions proposed by the defense. In that context, we observed that Maryland Rule 4-323(c), which concerns objections to rulings or orders other than those on the admission of evidence, "governs the manner of objections during jury selection." *Id.* at 142 (citation omitted). Rule 4-323(c) provides:

**(c) Objections to Other Rulings or Orders.** For purposes of review by the trial court or on appeal of any other ruling or order, it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court. The grounds for the objection need not be stated unless these rules expressly provide otherwise or the court so directs. If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection at that time does not constitute a waiver of the objection.

We concluded that, under the rule, it was sufficient for the defendant to make known to the trial court what he wanted the court to do. *Marquardt v. State*, 164 Md. App. at 143. As Marquardt had objected to the trial court's refusal to ask his proposed voir dire questions, nothing more was required to preserve the issue for review. *Id.*[2]

In *State v. Stringfellow*, 425 Md. 461 (2012), the Court of Appeals considered preservation of a different type of voir dire claim, involving a trial court's decision to ask a question proposed by the State despite a defense objection. In that decision, the Court

---

[2] *Marquardt* relied on earlier opinions of this Court that reached the same conclusion. *See*, *e.g.*, *Fowlkes v. State*, 117 Md. App. 573, 580 (1997) (holding that defense counsel did not waive objection to court's refusal to ask voir dire question by accepting panel); *Ingoglia v. State*, 102 Md. App. 659, 664 (1995) (holding that, by accepting jury, defense counsel did not withdraw earlier objection to refusal to ask voir dire question). Furthermore, as the State candidly acknowledges, this Court, since *Marquardt*, has continued to hold that, by accepting the jury panel, a defendant does not waive an objection to the failure to ask a voir dire question that a court must ask upon request. *Benton v. State*, 224 Md. App. 612, 622 (2015) (holding that, by accepting jury, defendant did not waive objection to failure to ask mandatory voir dire question about whether potential jurors had been convicted of crimes); *Kegarise v. State*, 211 Md. App. 473, 477 n.2 (2013) (holding that unqualified acceptance of jury panel did not waive objection to court's refusal to ask voir dire question about whether jurors were citizens of the United States); *see also Hayes v. State*, 217 Md. App. 159, 166 n.3 (2014), in which the State "recognize[d] that Hayes could accept the jury as selected without waiving his prior objection to the court's failure to ask [a proposed question] during *voir dire*").

4

examined, in detail, the circumstances under which a defendant's unqualified acceptance of a jury effects a waiver of any subsequent claim involving voir dire.

The *Stringfellow* Court observed that, "[g]enerally, a party waives [a] voir dire objection going to the inclusion or exclusion of a prospective juror (or jurors) or the entire venire if the objecting party accepts unqualifiedly the jury panel (thus seated) as satisfactory at the conclusion of the jury-selection process." *Id.* at 469 (citing *Gilchrist v. State*, 340 Md. 606, 617 (1995), and cases there cited). In contrast, an objection that is only "incidental" to the inclusion or exclusion of a prospective juror or the venire "is not waived by accepting a jury panel at the conclusion of the jury-selection process; rather, such an objection is preserved for review on direct appeal." *Id.* (citing *Gilchrist v. State*, 340 Md. at 618).

*Stringfellow* set forth examples of claims that fit into the two categories. Among the former, which is waived by unqualified acceptance of the empaneled jury, is a claim, such as the one before the Court in that case, that the trial court erred in asking a voir dire question requested by the State, thereby biasing the venire members against the defense. *Id.* at 471.[3] Among the latter, which is not waived by unqualified acceptance of the empaneled jury, is a claim, such as the one before us, that the trial court erred in refusing

---

[3] The others are: an objection to the refusal to strike prospective jurors for cause; an objection to the exclusion of a juror because of the juror's beliefs about capital punishment; a defendant's failure to object to unacceptable venire members after the defendant has used all peremptory strikes; an objection to a venire not selected randomly from lists of registered voters; and an objection to prejudicial remarks made by the prosecutor in earshot of the venire. *State v. Stringfellow*, 425 Md. at 470.

5

to ask a voir dire question requested by the defense. *Id.* at 470-71 (citing *Marquardt v. State*, 164 Md. App. at 142-43).[4]

The two categories are treated differently for preservation purposes because only the former involves a claim that "'is directly inconsistent with'" the unqualified acceptance of the empaneled jury. *Id.* at 470 (quoting *Gilchrist v. State*, 340 Md. at 618). "A prejudicial voir dire question, when propounded, may inject the very prejudice that voir dire attempts to filter out." *Id*. at 472. Therefore, an objection to such a question "relates directly to the composition of the jury." *Id*. On the other hand, an "unpropounded voir dire question, like a defused bomb, cannot likewise prejudice the venire." *Id.* at 472-73. Therefore, no additional objection is required when the jury is empaneled. *Id.* at 473.

There is no dispute in this case that the circuit court declined Foster's request to ask a voir dire question that is now mandated by *Kazadi*. Nor is there any dispute that, when the circuit court declined Foster's request, he objected as required by Rule 4-323(c), but that he later accepted the empaneled jury without qualification. The only question is the effect, if any, of Foster's unqualified acceptance of the jury on the preservation of his claim. Applying *Stringfellow*, we conclude that Foster did not waive his *Kazadi* claim through his unqualified acceptance of the empaneled jury. Therefore, we must reverse the conviction.

---

[4] The others are: an objection to a prior jury panel, which was excused and replaced by a second panel from which the parties selected the jury that convicted the defendant; and an objection to being refused permission to inspect a prosecutor's notes on prospective jurors. *State v. Stringfellow*, 425 Md. at 470-71.

In advocating a contrary conclusion, the State argues that we should "perhaps" overrule *Marquardt*. In fact, the Court of Appeals already has overruled *Marquardt*, but only as to the merits of the underlying claim in that case, which was essentially the same as the one on which Kazadi prevailed. *Kazadi*, however, said nothing about how such a claim is preserved. By contrast, in well-considered dicta, the Court cited *Marquardt* with approval in *Stringfellow*, a decision that directly addressed the mechanics of preservation of such claims. On the issue of preservation, *Marquardt* is still good law.

Finally, the State seems to suggest that *Stringfellow* is inconsistent with *Kazadi* and that *Kazadi* could be read as overruling *Stringfellow*, *sub silentio*. As the State puts it, the failure to ask a voir dire question about "bedrock constitutional principles," such as a criminal defendant's Fifth Amendment right not to testify, "cannot be brushed aside as a 'defused bomb.'" It is not up to this Court, however, to overrule a decision of the Court of Appeals that is directly on point. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (reaffirming that if a precedent of the Supreme Court "has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions," a lower court "should follow the case that directly controls, leaving to [the higher court] the prerogative of overruling its own decisions"). The rulings of the Court of Appeals remain "the law of this State until and '[u]nless those decisions are either explained away or overruled by the Court of Appeals itself.'" *Scarborough v. Altstatt*, 228 Md. App. 560, 577 (2016) (quoting *Loyola Fed. Sav. & Loan Ass'n v. Trenchcraft, Inc.*, 17 Md. App. 646, 659 (1973)).

In short, we must follow *Stringfellow*. Accordingly, we conclude that Foster preserved his objection to the court's refusal to pose the voir dire question that *Kazadi* subsequently said is mandatory upon request.

**JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.**