*Beckwitt v. State*
No. 1473, Sept. Term 2023
Opinion by Leahy, J.

**Petition for Writ of Habeas Corpus > Appellate Jurisdiction > Maryland Code (2001, 2018 Repl. Vol.), Criminal Procedure Article ("CP") § 7-107**
Statutory provisions conferring general appellate jurisdiction, such as Maryland Code (1973, 2020 Repl. Vol.), Courts and Judicial Proceedings Article ("CJP") § 12-301, do not apply to habeas corpus cases. *See* CP § 7-107(b)(1); *Sabisch v. Moyer*, 466 Md. 327, 351 (2019); *Simms v. Shearin*, 221 Md. App. 460, 469 (2015). Appeal of a habeas petition is authorized in any "proceeding in which a writ of habeas corpus is sought for a purpose other than to challenge the legality of a conviction of a crime or sentence of imprisonment for the conviction of the crime[.]" CP § 7-107(b)(2)(ii). Here, the petitioner does not argue that his sentence was illegal, but instead challenges the term of his confinement based on an allegedly erroneous application of good conduct credits by the Division of Correction. Thus, the petitioner's appeal is not foreclosed under CP § 7-107.

**Petition for Writ of Habeas Corpus > Justiciability > Challenging Probation**
"A petition for a writ of habeas corpus is not foreclosed where a person is placed on probation with conditions that significantly restrict or restrain the person's lawful liberty within the State." *Sabisch v. Moyer*, 466 Md. 327, 378 (2019). Here, the petitioner is required to, among other things, "[r]eport as directed and follow [his] supervising agent's lawful instructions . . . [w]ork and/or attend school regularly as directed and provide verification to [his] supervising agent . . . [g]et permission from [his] supervising agent before changing [his] home address, changing [his] job, and/or leaving . . . DC, Maryland, and Virginia[,]" and permit his supervising agent to visit his home. These standard conditions of probation significantly restrain the petitioner's lawful liberty, and therefore his release from active incarceration does not foreclose his habeas petition.

**Petition for Writ of Habeas Corpus > Justiciability > Possibility of Immediate Release**
Under controlling precedent, a habeas petitioner must assert a possibility of immediate release. *See Lomax v. Warden*, 356 Md. 569, 575 (1999); *Md. Corr. Inst. v. Lee*, 362 Md. 502, 517 (2001). The petitioner here was on probation at the time of filing and claims that the proper allocation of diminution credits during his term of incarceration would have led to an earlier release, which in the future would lead to an early end to his probation. Because the petitioner does not assert a possibility of immediate release from probation, his habeas claim is not justiciable, and his petition for a writ of habeas corpus was properly denied.

Circuit Court for Montgomery County
Case No. 133838C

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1473

September Term, 2023
_____

DANIEL BECKWITT

v.

STATE OF MARYLAND
_____

Leahy,
Friedman,
Beachley,

JJ.
_____

Opinion by Leahy, J.
_____

Filed: June 30, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

Appellant, Daniel Beckwitt, filed a petition for writ of habeas corpus in the Circuit Court for Montgomery County demanding the retroactive application of "good conduct" credits to shorten his period of probation. The circuit court denied his petition without a hearing. Beckwitt filed a timely appeal and presents one question for our review, which we have rephrased as follows:[1]

> When an appellate court reverses a conviction for a crime of violence based on insufficient evidence but affirms a non-violent conviction, is the criminal defendant entitled to retroactive "good conduct" credits at the rate given for sentences not including a crime of violence?

Because we hold that the circuit court correctly denied Beckwitt's habeas petition because his legal term of probation has not yet ended, we do not reach the merits of Beckwitt's question. We shall affirm the judgment.

---

[1] Beckwitt's question presented is, as originally phrased:

> Where a criminal defendant is convicted of both violent and non-violent offenses *based upon the same conduct for which they received concurrent sentences*, non-violent convictions earn *double the rate of mandatory* GCCs compared to violent convictions, and an appellate court later directs acquittal of the violent offense *due to insufficient evidence*, does it violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution for the Department of Public Safety and Correctional Services to continue treating the violent conviction as valid in computing GCCs *for time already served during the appellate process* prior to the directed acquittal of the violent conviction?

# BACKGROUND

Beckwitt was convicted of second-degree depraved heart murder and involuntary manslaughter by a jury in the Circuit Court for Montgomery County on April 24, 2019.[2] He was sentenced for these convictions on June 17, 2019.[3]  Because second-degree murder is considered a "crime of violence," *see* Maryland Code (2002, 2021 Repl. Vol.), Criminal Law Article ("CR") § 14-101(a)(7), during his initial period of incarceration, Beckwitt was granted "good conduct" credits to reduce his sentence at a rate of five days per month, *see* Maryland Code (1999, 2017 Repl. Vol.), Correctional Services Article ("CS") § 3-704(b)(2).[4]

On January 28, 2022, the Supreme Court of Maryland affirmed this Court in reversing Beckwitt's conviction for second-degree murder due to insufficient evidence, leaving in place his involuntary manslaughter conviction and remanding his case to the circuit court for re-sentencing.  *See Beckwitt v. State*, 477 Md. 398, 475 n.28 (2022) (citing *Beckwitt v. State*, 249 Md. App. 333, 346, 401-02 (2021)).  Prior to his re-sentencing,

---

[2] The underlying facts of Beckwitt's conviction, not relevant to this appeal, are detailed in *Beckwitt v. State*, 477 Md. 398, 411-15 (2022).

[3] Specifically, Beckwitt was sentenced to twenty-one years of imprisonment, with all but nine years suspended, and five years of probation for his second-degree murder conviction.  His involuntary manslaughter conviction was merged for sentencing purposes. Beckwitt also received sixty days of credit for his time served.

[4] Beckwitt was also awarded credit for sixty days' time served at the Montgomery County Detention Center during the pretrial period from April 18, 2019 to June 17, 2019, for which he received ten good conduct credits under CS § 11-503.

Beckwitt continued to receive five days of "good conduct" credits per month pursuant to CS § 11-503, which provides the rate while awaiting sentencing.

On March 29, 2022, the circuit court re-sentenced Beckwitt on the involuntary manslaughter conviction. The circuit court imposed a sentence of ten years' incarceration, with all but five years suspended, commencing on April 13, 2019, with credit for thirty-five months and sixteen days of time served.[5] The court further ordered that Beckwitt complete five years of supervised probation upon release. After his re-sentencing, Beckwitt began to earn "good conduct" credits at a rate of ten days per month—the rate for sentences not including a crime of violence. *See* CS § 3-704(b)(1)(ii).

While incarcerated, Beckwitt filed an informal complaint with the warden on April 28, 2022, arguing that his "prior commitment must now be treated as non-violent" and he "must be awarded an additional 161 Good Conduct Credits, which entitles [him] to immediate release." He subsequently filed two requests for administrative remedy on May 25 and 26, 2022, based on the same argument. After investigation and review, the warden issued a dismissal of the requests for administrative remedy. Beckwitt appealed to the Commissioner of Correction, who affirmed the Warden's findings and dismissed Beckett's appeal on July 19, 2022.

Three days later, on July 22, upon application of his good conduct credits and other diminution of confinement credits, the Department of Public Safety and Correctional

---

[5] Although the transcript from the re-sentencing hearing is not available, there is no factual dispute as to the terms of the sentence that Beckwitt received.

Services released Beckwitt on mandatory supervision. Beckwitt's probation is set to expire on July 22, 2027.

On March 24, 2023, Beckwitt filed a petition for writ of habeas corpus in the Circuit Court for Montgomery County challenging the calculation of his good conduct credits.[6] Beckwitt argued that he should never have been convicted of second-degree murder, and that he should therefore receive retroactive credit based on ten days of good conduct credits per month—the rate for sentences not including a crime of violence—for the period between June 17, 2019, the date of his initial sentencing, and February 14, 2022, the date he was transported to Montgomery County for re-sentencing. Beckwitt reckoned that application of these additional good conduct credits should have led to his release on March 29, 2022. This would mean his probation should expire on March 29, 2027—115 days earlier than the date currently anticipated.

On September 13, 2023, the circuit court entered an order denying Beckwitt's habeas petition without explanation. Beckwitt timely noted his appeal to this Court.

## DISCUSSION

Before we address the parties' contentions, we must assess whether we have jurisdiction to consider this appeal, given that statutory provisions conferring general appellate jurisdiction, such as Maryland Code (1973, 2020 Repl. Vol.), Courts and Judicial Proceedings Article ("CJP") § 12-301, do not apply to habeas corpus cases. *See* Maryland

---

[6] Beckwitt named as respondents Jodie Stouffer, Director of the Commitment Services Unit; Martha L. Danner, Director of the Division of Parole and Probation; and Anthony G. Brown, Attorney General of Maryland.

Code (2001, 2018 Repl. Vol.), Criminal Procedure Article ("CP") § 7-107(b)(1); *Sabisch*, 466 Md. at 351; *Simms v. Shearin*, 221 Md. App. 460, 469 (2015). "An appeal may be taken from a final order in a habeas corpus case only where specifically authorized by statute." *Simms*, 221 Md. App. at 469 (quoting *Gluckstern v. Sutton*, 319 Md. 634, 652 (1990)). Under CP § 7-107(b)(2)(ii), an appeal is permitted to the Appellate Court of Maryland from any "proceeding in which a writ of habeas corpus is sought for a purpose other than to challenge the legality of a conviction of a crime or sentence of imprisonment for the conviction of the crime[.]" *See Sabisch*, 466 Md. at 351; *Md. Corr. Inst. v. Lee*, 362 Md. 502, 514-15 (2001) (appeal permitted under prior codification of CP § 7-107 because petitioner challenged legality of confinement, not legality of sentence).[7]

Beckwitt does not argue that the sentence handed down on March 29, 2022, was illegal. Instead, Beckwitt challenges the term of his confinement based on an allegedly erroneous application of good conduct credits by the Division of Correction. Beckwitt's case is analogous to *Maryland Correctional Institute v. Lee*, 362 Md. at 509, in which the habeas petitioner did not argue that her sentence itself was illegal, but that her continued incarceration was illegal because the Division of Correction "had failed to apply its policies concerning the interpretation of ambiguous sentences." The Supreme Court held that the

---

[7] This makes sense because part of the purpose of CP § 7-107 (b)(1) is to prevent the appeal of post-conviction motions that merely repeat points already raised (or that could have been raised) in the petitioner's direct appeal. *See Bullock v. Warden*, 220 Md. 658, 659 (1958); *Douglas v.* State, 423 Md. 156, 175 (2011) (explaining that the purpose of the statutory scheme is to streamline post-conviction remedies). Beckwitt's challenge to the Division of Correction's calculation of his good conduct credits could not have been raised in a direct appeal.

petitioner's challenge was authorized under the statutory predecessor to CP § 7-107 because she "challenged only the legality of her confinement and not the legality of her sentence[.]" *Id.* at 515; *see Simms*, 221 Md. App. at 474 (concluding that CP § 7-107 did not grant petitioner for writ of habeas corpus right to appeal denial of petition because petition was filed solely "to challenge the legality of [the petitioner's] conviction"). Therefore, Beckwitt's appeal is not foreclosed under CP § 7-107.

**Parties' Arguments Concerning Justiciability**

The State argues that Beckwitt's habeas petition is barred for two reasons. First, because "Beckwitt's release from incarceration [had] already occurred" before he filed his habeas petition in the circuit court, the State contends that Beckwitt's habeas challenge was, and remains, moot. [8] Second, the State claims that because Beckwitt is still serving the probation portion of his sentence, his argument—so far as it concerns that portion of his sentence—is not ripe because "[h]abeas corpus relief is traditionally 'not available until the entire legal portion of an [applicant's] confinement has been served.'" (Quoting *Fincher v. Warden*, 216 Md. 644, 646 (1958)).

In his reply brief, Beckwitt argues that his habeas petition was not moot, even if it was filed after he was released from incarceration, because a court can order that his term of probation be terminated earlier—on March 29, 2027. Beckwitt argues that the appeal is

---

[8] Although the State argues that Beckwitt's claim is moot, it is more accurate to characterize CJP § 3-702(a) as foreclosing habeas claims unless the petitioner is "committed, detained, confined, or restrained from his lawful liberty within the State[.]" *See Sabisch*, 466 Md. at 362. As we explain, Beckwitt remains significantly restrained by his probation.

6

ripe because he "is not challenging a *future* sentence here, but rather the *effects of* a past sentence." He further argues that the traditional rule that a habeas petitioner must be entitled to "immediate release" is anachronistic and was effectively overturned by the Supreme Court of Maryland's decision in *Sabisch v. Moyer*, 466 Md. 327 (2019).

**Analysis**

"In order for a circuit court to entertain an action, a justiciable controversy must exist." *State Ctr., LLC v. Lexington Charles Ltd. P'ship*, 438 Md. 451, 590 (2014). "Where an issue is not ripe, the issue is not justiciable and, thus, a court will not entertain the claim." *Id.* at 592. "On the other end of the spectrum, a controversy that once was 'live' may no longer be so because it has become moot." *Stevenson v. Lanham*, 127 Md. App. 597, 612 (1999). Although there are well-recognized exceptions, a court will generally dismiss a moot case without deciding the merits of the controversy. *Coburn v. Coburn*, 342 Md. 244, 250 (1996).

Habeas corpus petitions in Maryland were traditionally subject to two significant restrictions. First, the petitioner had to be actively incarcerated. *See Hendershott v. Young*, 209 Md. 257, 261-62 (1956); *McGloin v. Warden*, 215 Md. 630, 631 (1958). Second, habeas relief was not available until the petitioner served "the entire legal portion" of the petitioner's confinement. *Fincher*, 216 Md. at 646; *see Roberts v. Warden*, 206 Md. 246, 255 (1955); *Hunter v. Warden*, 198 Md. 655, 656 (1951).

In *Sabisch*, the Supreme Court of Maryland overturned the first traditional restriction, but not the second. The petitioner in *Sabisch* was found guilty of fourth-degree sexual offense in the District Court of Maryland, Baltimore County. 466 Md. at 331. He

7

accepted the district court's offer of probation before judgment subject to certain conditions, including that he register as a sex offender. *Id.* at 338. The petitioner then violated the terms of his probation, and the District Court agreed to modify his sentence to eighteen months of unsupervised probation and to permit him to live with his family in Michigan. *Id.* at 339-40. After moving to Michigan, the petitioner filed a habeas petition in the Circuit Court for Baltimore County "alleging that the terms of his probation constituted an unlawful restraint on his liberty and raising various grounds for relief related to the proceedings in the District Court." *Id.* at 331-32.

Analyzing the terms of CJP § 3-702(a), which generally governs who may apply for a writ of habeas corpus,[9] the Supreme Court of Maryland determined that its plain language does not foreclose a habeas petition when a person is placed on probation with restrictive conditions. *Id.* at 350, 362. The Court then looked at United States Supreme Court cases interpreting the federal habeas corpus statute, 28 U.S.C. § 2241(c), and noted that federal habeas extends to "persons on probation or released on bail or on [their] own recognizance[.]"[10] *Id.* at 374 (citing *Minnesota v. Murphy*, 465 U.S. 420, 422, 430 (1984);

---

[9] CJP § 3-702(a) provides:

A person committed, detained, confined, or restrained from his lawful liberty within the State for any alleged offense or under any color or pretense or any person in his behalf, may petition for the writ of habeas corpus to the end that the cause of the commitment, detainer, confinement, or restraint may be inquired into.

[10] Although the Supreme Court of Maryland distinguished 28 U.S.C. § 2241(c), which uses the term "in custody," from CJP § 3-702(a), which uses the terms "committed,

(Continued)

*Hensley v. Mun. Ct.*, 411 U.S. 345, 349 (1973)).  Ultimately, the Court held that "[a]

petition for a writ of habeas corpus is not foreclosed where a person is placed on probation

with conditions that significantly restrict or restrain the person's lawful liberty within the

State." *Id.* at 378.  However, the Court held that the petitioner at issue was not eligible for

habeas relief because he was living in Michigan and therefore "was not committed,

detained, confined, or restrained in Maryland." *Id.* at 379.

The standard conditions of probation, almost as a rule, significantly restrict or

restrain a person's lawful liberty.  In *Hensley v. Municipal Court*, 411 U.S. 345 (1973), the

United States Supreme Court held that a petitioner released on his own recognizance could

maintain a federal habeas action because he was "subject to restraints 'not shared by the

public generally,'" and "[h]is freedom of movement rest[ed] in the hands of state judicial

officers[.]"  411 U.S. at 351 (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)).

Here, Beckwitt is subject to restraints not shared by the public generally and his freedom

of movement rests in the hands of his supervising agent.  Beckwitt's probation order directs

that he "[r]eport as directed and follow [his] supervising agent's lawful instructions."  He

must "[w]ork and/or attend school regularly as directed and provide verification to [his]

supervising agent."  He must "[g]et permission from [his] supervising agent before

changing [his] home address, changing [his] job, and/or leaving . . . DC, Maryland, and

---

detained, confined, or restrained[,]" the Court found federal cases instructive on the scope
of habeas corpus relief.  *Sabisch*, 466 Md. at 373.

9

Virginia." And he must permit his supervising agent to visit his home. Thus, under *Sabisch*, Beckwitt's release from active incarceration did not foreclose his habeas petition.

*Sabisch* did not address the second traditional requirement—that the petitioner must have served the entire legal portion of his sentence—because that issue was not before that Court. The petitioner in *Sabisch* contended that his restraint was presently unlawful and "asked the circuit court to issue a writ of habeas corpus, vacate the finding of guilt, and order a new trial." *Id.* at 341. The Court only overruled prior cases "to the extent that . . . we have held that physical custody within the State is necessary for habeas corpus relief[.]" *Id.* at 363. However, over the years, the Supreme Court has expanded the circumstances under which petitioners may maintain a habeas action to those in which they are entitled to a hearing or proceeding that may lead to their immediate release. *See Lomax v. Warden*, 356 Md. 569, 575 (1999); *Gluckstern*, 319 Md. at 664.

In *Lomax v. Warden*, 356 Md. 569, 573 (1999), for instance, a parole-eligible inmate filed a habeas petition to challenge an announcement by the Governor that he would limit the circumstances under which he would approve parole for inmates sentenced to life imprisonment. The Supreme Court held that a habeas corpus proceeding was an appropriate vehicle to challenge the Governor's action because the relief available was a parole hearing, which may have led to the inmate's release.[11] 356 Md. at 575. Despite this

---

[11] The Supreme Court ultimately held that the Governor's statement was only an announcement of guidelines on how he would exercise his lawful discretion and affirmed the denial of the inmate's habeas petition. *Lomax*, 356 Md. at 577, 581.

expansion, habeas petitioners still must assert a possibility of immediate release. *See id.*; *Lee*, 362 Md. at 517.

Ultimately, Beckwitt's habeas petition is barred because he did not allege that he had a possibility of immediate release at the time of filing. *See Lomax*, 356 Md. at 569. Beckwitt does not contend that his probation is illegal at this time, but that it will become illegal in the future. He does not request an immediate release from probation, or a hearing or proceeding that could immediately end his probation. If Beckwitt's contentions are accurate, then he is entitled to be released from probation on March 29, 2027—nearly two years in the future. Accordingly, Beckwitt's habeas corpus claim is precluded until he can allege that the State is holding him beyond his legal sentence. *See Fincher*, 216 Md. at 646; *Hunter*, 198 Md. 655.

To the extent that Beckwitt claims that his active incarceration was illegal during the period from March 29, 2022, to July 22, 2022, during which time he might have argued that he was entitled to immediate release, *that claim* needed to be raised during his incarceration. *Cf. Sabisch*, 466 Md. at 378 (habeas relief foreclosed when petitioner filed after leaving Maryland). And, we observe that Beckwitt was not prejudiced by any delay in the Division of Correction's response to his requests for administrative remedy because "an inmate is not required to utilize the inmate grievance procedure, and courts will entertain an inmate's petition for habeas corpus when the plaintiff alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory credits." *Md. House of Corr. v. Fields*, 348 Md. 245, 261 (1997), *abrogated in part on other grounds by Moats v. Scott*, 358 Md. 593 (2000).

11

Beckwitt asserts that the reasoning of *Sabisch* supports overturning the immediate release requirement. As noted above, in *Sabisch*, the Maryland Supreme Court overturned the traditional requirement that a habeas petitioner must be "in actual or physical commitment, detainer, confinement, or restraint . . . in light of the plain language of CJ § 3-702(a) and the persuasive authority of the [United States] Supreme Court's case law." 466 Md. at 372. Beckwitt urges that those same authorities point toward overturning the traditional requirement that a habeas petitioner must assert a possibility of immediate release.

The plain language of CJP § 3-702(a) does not appear to contain a timing requirement.[12] And the United States Supreme Court has held that a writ of habeas corpus is the proper federal vehicle for a petitioner seeking "a determination that he is entitled to immediate release *or a speedier release*[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (emphasis added). "It is not up to this Court, however, to overrule a decision of the [Maryland Supreme Court] that is directly on point." *Foster v. State*, 247 Md. App. 642, 651 (2020) (citing *Agostini v. Felton*, 521 U.S. 203, 237 (1997)); *see McMorrow v. King*, 264 Md. App, 708, 728-29 (2025). The rulings of the Supreme Court remain "the law of this State until and '[u]nless those decisions are either explained away or overruled by the [Supreme Court] itself.'" *Scarborough v. Altstatt*, 228 Md. App. 560, 577 (2016) (quoting *Loyola Fed. Sav. & Loan Ass'n v. Trenchcraft, Inc.*, 17 Md. App. 646, 659 (1973)).

---

[12] *See* n.9, *supra*.

Faithfully applying those decisions, Beckwitt's habeas claim is presently barred, and we affirm the circuit court's denial of his petition.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANT.**